IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEI KE,<br><br>     Plaintiff,<br><br> v.<br><br>DREXEL UNIVERSITY, et al.,<br><br>     Defendants. | CIVIL ACTION<br>NO. 11-6708 |

**OPINION**

**Slomsky, J.**                                                                                             **April 10, 2014**

## I.   INTRODUCTION

In the instant action, Plaintiff asserts claims of discrimination and retaliation because of his Chinese ethnicity against Drexel College of Medicine ("DCM") and five individual Defendants. (Doc. No. 135 at 1.) On January 5, 2014, more than two years after the commencement of this case, Plaintiff filed a Motion for Leave to Add Defendants. (Doc. No. 352.) Specifically, Plaintiff requests to join six more defendants to this case. For reasons that follow, the Court will deny Plaintiff's Motion.

## II.  BACKGROUND

In the fall of 2008, Plaintiff began medical school at DCM. Sometime after his second year, he was dismissed and then readmitted on a conditional status to retake his second year. (Doc. No. 29-4 at 45.) On January 3, 2011, during Plaintiff's third year of medical school, Plaintiff was notified that he had failed both the Family Medicine rotation and the Family

1

Medicine shelf exam.[1]  (Doc. No. 29 at ¶ 29.)  Plaintiff also failed the Step 1 exam.[2]  On February 10, 2011, Plaintiff took the Step 1 exam for a second time and failed.  (Id. ¶ 45.)  On February 14, 2011, Plaintiff received a letter from DCM placing certain conditions on his continued enrollment, including receipt of at least a "Satisfactory" grade on all required exams.  (Doc. No. 29-4 at 45.)  Plaintiff then received a grade of "Marginal Unsatisfactory" on his OB/GYN shelf exam and was dismissed from DCM in accordance with the February 14, 2011 letter.  (Id. at 46.)

On October 26, 2011, Plaintiff commenced the instant action.  (Doc. No. 1.)  In his Third Amended Complaint, filed on July 30, 2013, Plaintiff asserts claims of discrimination and retaliation against DCM.  (Doc. No. 135 at ¶1.)  In addition, Plaintiff names the following six individuals as Defendants:  (1) John Fry, President of Drexel University; (2) Dr. Richard Homan, Dean of DCM; (3) Dr. Samuel Parish, Dean of Student Affairs at DCM; (4) Dr. Amy Fuchs, Associate Dean of Student Affairs of DCM; (5) Dr. Jennifer Hamilton, Director of the Family Medicine Clerkship at DCM; and (6) Dr. Anthony Sahar, a preceptor at DCM.  (Id. at 6-12.)  Plaintiff alleges that these individual Defendants were involved in his dismissal from DCM.  The Court subsequently dismissed John Fry as a defendant.  (Doc. Nos. 69, 158.)  The other five individual Defendants remain in this case.  They were named as Defendants in the original Complaint, filed on October 26, 2011.

On January 5, 2014, Plaintiff filed a Motion for Leave to Add Defendants in this case.  (Doc. No. 352.)  Specifically, Plaintiff seeks to join an additional six defendants:  (1) Dr. Barbara Schindler, Professor and Vice Dean for Educational and Academic Affairs at DCM; (2) Dr.

---

[1] A "shelf exam" tests a student's knowledge of the area of medicine studied during the rotation.

[2] Step 1 is the first of the three-part United States Medical Licensing Examination.  Passing the three-part examination is required to obtain initial medical licensure.

Eugene Hong, Head of the Department of Family Medicine at DCM; (3) Dr. John Dalton, Plaintiff's supervisor during his Family Medicine rotation; (4) David Ruth, Dean of Students at Drexel University; (5) Joseph Salomone, University Registrar for Drexel University; and (6) John Gyllenhammer, Esquire, Associate Vice President and Chief Counsel for Drexel University and DCM. (Doc. No. 363 at ¶¶ 1-5.) Defendants oppose the joinder of these individuals. (Doc. No. 363.) The Motion is now ripe for a decision by this Court.

## III. ANALYSIS

### A. Standard of Review

Plaintiff seeks leave to add six defendants to this case and cites Federal Rules of Civil Procedure 15(c) as the basis for his request.[3] Federal Rule of Civil Procedure 15(a) allows a party to amend a complaint upon leave of court. Fed. R. Civ. P. 15(a). As with any motion to amend, the issue is left to the sound discretion of the trial judge. Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). "The tenor of Rule 15 is to permit amendment, subject to the trial judge's denial if the amendment would not be in the interest of justice." Moore's Federal Practice § 20.02(2)(a).

When a party seeks to add claims against a new defendant after the applicable statute of limitations has run, Federal Rule of Civil Procedure 15(c) governs. Under Rule 15(c), amendment is permitted when it "relates back" to the date of the filing of the original complaint and the amendment is in the interest of justice under Rule 15(a). See, e.g., Wine v. EMSA Ltd. P'ship, 167 F.R.D. 34 (E.D. Pa. 1996). Rule 15(c) states:

> (1) An amendment to a pleading relates back to the date of the original pleading when:

---

[3] Plaintiff also states that his request is pursuant to Federal Rule of Civil Procedure 21, but did not elaborate on the application of this Rule. (Doc. No. 352 at 1.) Rule 21 governs misjoinder and nonjoinder of parties and is not relevant for purposes of deciding this Motion.

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or a defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). In other words, the moving party must establish that the amended pleading relates to the same conduct or transaction or occurrence set forth in the original complaint; that within the 120-day time period prescribed by Rule 4(m), the proposed new defendant had notice of the action; and that the proposed new defendant knew or should have known that but for a mistake of identity, he or she would have been named in the initial complaint. See Estate of Grier v. Univ. of Pa. Health Sys., No. 07-4224, 2009 WL 1652168, *3 (E.D. Pa. June 11, 2009). Such a mistake in identity may be based on a lack of knowledge or a mere misnomer. Arthur v. Maersk, Inc., 434 F.3d 196, 209 (3d Cir. 2006). However, an amended complaint will not relate back "if the plaintiff had been aware of the newly named parties when [he] filed [his] original complaint and simply chose not to sue them at that time." Garvin v. City of Philadelphia, 354 F.3d 215, 221-22 (3d Cir. 2003). Further, a district court may deny leave to amend if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party. Cureton, 252 F.3d at 273 (citations omitted).

**B. Federal Rule of Civil Procedure 15(c) Does Not Support Adding the Proposed Defendants**

In his Motion, Plaintiff does not set forth causes of action against the individuals that he seeks to add as defendants. However, based on his Motion, the Court infers that Plaintiff wishes to assert all of the claims alleged in his Third Amended Complaint against them.[4] (Doc. No. 352 at 5-6.)

As to these persons, the statute of limitations has run on each of Plaintiff's remaining claims in the Third Amended Complaint.[5] However, he contends that his claims are "based on

---

[4] In his Motion, Plaintiff refers to numerous claims that have already been dismissed from this case. In an Order dated April 1, 2014, as agreed to by Plaintiff, the Court dismissed Plaintiff's claim for breach of contract in violation of Pennsylvania law, as alleged in Count X of the Third Amended Complaint. (Doc. No. 471.) In his Motion, Plaintiff refers to a claim "made under the UTPCPL [Pennsylvania's Unfair Trade Practices and Consumer Protection Law" in the "Count 'Breach of Contract Under Pennsylvania Law.'" (Doc. No. 352 at 5.) Plaintiff, however, did not include a claim under the UTPCPL in his Third Amended Complaint, or in his Third Motion to Amend his Complaint, in which he sought to add a claim for breach of contract under Pennsylvania law (Doc. No. 117.) A claim under the UTPCPL is separate from a claim for breach of contract. Regardless, Plaintiff's claim for breach of contract under Pennsylvania law has been dismissed, and any subsumed claim as alleged by Plaintiff for violation of the UTPCPL is dismissed as well.

The Court has also dismissed Plaintiff's claim for intentional infliction of pain and suffering, as alleged in Count IX of the Third Amended Complaint (Doc. Nos. 68, 69), and denied Plaintiff's request to add claims for negligent infliction of emotional distress and violation of his rights to due process and free speech under the Pennsylvania Constitution. (Doc. No. 475.) Further, the Court previously dismissed, by agreement, Plaintiff's FERPA claim, as alleged in Count VI of the Third Amended Complaint. (Doc. Nos. 68, 69.) Accordingly, the only remaining claims in the case are: (1) discrimination and retaliation under § 1981 against all Defendants (Counts I and II); (2) hostile educational environment in violation of 42 U.S.C. § 1981 against Drs. Sahar, Parish, and DCM (Count III); intentional discrimination in violation of Title VII against DCM (Count IV); retaliation in violation of Title VII against DCM (Count V); discrimination and retaliation in violation of the Pennsylvania Fair Educational Opportunities Act against all Defendants (Count VII); and conspiracy in violation of 42 U.S.C. § 1985 against Drs. Sahar, Parish, Fuchs, and Hamilton (Count VIII).

[5] Plaintiff concedes that the statute of limitations has run on all of his claims except for his breach of contract claim under 42 U.S.C. § 1981. (Doc. No. 352 at 6.) His latter position is incorrect. The statute of limitations for § 1981 claims is determined by state law. See Williams v. Home Depot, U.S.A., Inc., No. 98-3712, 1999 WL 788597, *3 (Oct. 5, 1999). In

the same claims and factual bases of the original complaint" and should be allowed because they relate back to the original Complaint under Rule 15(c).  (Id.)

As stated above, Rule 15(c) will not apply, and an amendment will not relate back if the plaintiff was aware of the newly named parties when he filed his original complaint, and he simply chose not to include them.  Here, with the exception of John Gyllenhammer, Esquire, Plaintiff was aware of the newly named persons when he filed his Third Amended Complaint, but he chose not to name them as defendants.  His decision not to name them was not based on a mistake in identity, and the proposed defendants did not know or should not have known that the action would have been brought against them, but for a mistake concerning their identity.  Plaintiff does not allege in his Motion that a lack of knowledge led him to exclude the proposed defendants or to misname them.  Thus, the proposed amendment to add defendants does not relate back to his original Complaint under Rule 15(c).  Accordingly, the test for adding defendants under Federal Rule of Civil Procedure 15(c) is not met here.

### C. Plaintiff Has Engaged in Undue Delay in Seeking to Add These Defendants

"The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." Cureton, 252 F.3d at 273 (citations omitted).  However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court . . . ." Id. (citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)).  Delay may become undue when a movant has had previous opportunities to amend a complaint. Id. (citing Rolo v. City Investing Co., Liquidating Trust, 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier)).

---

Pennsylvania, the applicable statute of limitations is that which governs personal injury actions, which is two years from the date of the alleged injury. Id. at *7.  Plaintiff was dismissed from DCM in February 2011, more than two years ago.  Therefore, the statute of limitations on his § 1981 claims has run as well.

Here, Plaintiff has known about each proposed defendant, except for Mr. Gyllenhammer, since the commencement of his case and had numerous opportunities to amend his Complaint. In fact, Plaintiff has filed three Amended Complaints. (See Doc. Nos. 7, 29, 135.) Plaintiff now seeks to add additional defendants by alleging that they were involved in his Family Medicine rotation, the denial of a formal hearing, and his dismissal from DCM, the same matters he pled in his three Amended Complaints. In fact, Plaintiff admits that, except for Mr. Gyllenhammer, "all of the additional defendants have been implicated and described in plaintiff's original complaint . . . ." (Doc. No. 352 at 11.) Moreover, Plaintiff does not explain at all why he did not attempt to add these defendants to one of his three Amended Complaints when they were evidently involved in the process that led to his dismissal from DCM. It appears that he simply chose not to sue them for strategic reasons.

In addition, although some of the additional defendants may have known about this lawsuit, there is no support for the proposition that they knew they would be joined. Plaintiff is attempting to sue additional parties that either knew or were somehow involved in his failing grades and dismissal, but he has not shown that these persons had notice of the action within the 120-day time period prescribed by Rule 4(m). Rather, as noted, it is reasonable to conclude that Plaintiff made a strategic decision early in the litigation not to name them as defendants in this case with the resultant undue delay.

**D. Allowing Plaintiff to Add Defendants Would be Unduly Prejudicial to Defendants**

Plaintiff's delay in seeking to add these defendants is also prejudicial, "placing an unfair burden on the opposing party." Cureton, 252 F.3d at 273. This is sufficient grounds for denying a request to amend. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). The issue of

7

prejudice rests on whether allowing the amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. <u>Cureton</u>, 252 F.3d at 273.

Here, it would materially disrupt the progress of this case to add new defendants. The parties are currently engaged in discovery, with a deadline of May 5, 2014. (Doc. No. 250.) This deadline has already been extended several times. Furthermore, as of the date of this Opinion, four hundred and seventy-six docket entries have been entered this case. The Court has ruled on numerous Motions, including fourteen Motions for Reconsideration, four Motions for Clarification, and numerous discovery and sanction motions. Additional motions are pending. It is not in the interest of justice to continue extending discovery and other deadlines, which would be necessary should additional defendants be added. Further, the Court has afforded Plaintiff considerable leeway as a pro se litigant, including granting him leave to amend his Complaint three times. Allowing Plaintiff to add defendants as this point in the litigation would unduly burden the existing Defendants with additional discovery, costs, and preparation to defend against new facts and/or theories and/or a flood of additional motions.

### A. Plaintiff Does Not Assert a Cognizable Claim Against John Gyllenhammer

Plaintiff also seeks to add as a defendant John Gyllenhammer, Esquire, Associate Vice President and Chief Counsel for Drexel University. Plaintiff contends that Mr. Gyllenhammer was involved in his denial of a formal FERPA hearing, and that Plaintiff only learned of Mr. Gyllenhammer's involvement at the December 20, 2013 deposition of Dr. Salomone. (Doc. No. 352 at ¶ 5.) While this may be true, Plaintiff does not assert a cognizable claim against Mr. Gyllenhammer. Plaintiff alleges the following:

> John Gyllenhammar, who is the in-house counsel for DCM, made the decision to deny and cancel plaintiff's formal hearing initially promised by David Ruth and Joseph Salomone, thus using his power to deprive plaintiff of his due process rights, his liberty and

> property interests, and the equal protection of the laws under the Pennsylvania Constitution and joining in the retaliation started by defendant Sahar in violation of Plaintiff's rights as secured by 42 U.S.C. 1981(b) and other federal and state statutes. It was only at the December 20, 2013 deposition that plaintiff learned from Salomone that it was Gyllenhammar who had made the decision to deny plaintiff's right to the formal hearing.

(Doc. No. 352 at 5.) As stated above, Plaintiff's claims under the Pennsylvania Constitution have been dismissed, and therefore, the only remaining claim of those listed above in which Plaintiff alleges involvement by Mr. Gyllenhammer is a claim under 42 U.S.C. § 1981.

Based on the alleged facts, Plaintiff cannot establish a § 1981 claim or any other claim against Mr. Gyllenhammer. As the Associate Vice President and Chief Counsel for Drexel University, Mr. Gyllenhammer was not involved in any academic evaluations, investigation of academic failures, or any measures taken by DCM in response to Plaintiff's failing grades and examinations. Therefore, there is no basis for any kind of § 1981 retaliation or discrimination claim against him. In fact, Plaintiff only asserts that Mr. Gyllenhammer was involved in his denial of a FERPA hearing. To the extent that Plaintiff is alleging in some way a FERPA claim against Mr. Gyllenhammer, this claim is also not cognizable. On March 14, 2013, the Court dismissed, by agreement, Plaintiff's FERPA claim, as alleged in Count VI of the Third Amended Complaint. (Doc. Nos. 68, 69.) As the Court stated in an Opinion that dismissed, <u>inter alia</u>, the FERPA claim, the Third Circuit has held that FERPA does not create a private cause of action and that 42 U.S.C. 1983 does not provide a conduit for the filing of a private FERPA claim. <u>Woodruff v. Hamilton Twp. Pub. Sch.</u>, 305 F. App'x. 833, 837 (3d Cir. 2009). Because Plaintiff does not allege a cognizable claim against Mr. Gyllenhammer, his joinder as a defendant would be futile.

## IV. CONCLUSION

For the reasons set forth above, it is not in the interest of justice to allow Plaintiff to add the named persons as additional defendants. Therefore, the Court will deny Plaintiff's Motion for Leave to Add Additional Defendants. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEI KE,<br><br>    Plaintiff,<br><br>v.<br><br>DREXEL UNIVERSITY, et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 11-6708 |

## ORDER

**AND NOW**, this 10th day of April 2014, upon consideration of Plaintiff's Motion for Leave to Add Defendants (Doc. No. 352), Defendants' Response (Doc. No. 352), and Plaintiff's Reply (Doc. No. 366), it is **ORDERED** that Plaintiff's Motion for Leave to Add Defendants (Doc. No. 352) is **DENIED.**

            BY THE COURT:

            /s/ Joel H. Slomsky
            JOEL H. SLOMSKY, J.